UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                    Criminal No. 1:18-cr-00064-GHD-DAS

MICAH MACAY WILBANKS

## MEMORANDUM OPINION

Now before this Court is Defendant Micah Macay Wilbanks' motion to dismiss the indictment in this cause [24]. Having considered the matter, the Court finds the motion should be denied.

Wilbanks is charged in a one count indictment with using and attempting to use minors to produce a visual depiction of sexually explicit conduct in violation of 18 U.S.C. § 2251(a) and (e). The government alleges that Wilbanks used a hidden cell phone to record several minor females in the girls' locker room at Kossuth Middle School. The video captured one girl removing her shorts and wearing only a shirt and underwear. No visual depiction of nudity appeared on the video.

Wilbanks now moves to dismiss the indictment. The government has responded, and the matter is ripe for review.

Whether a motion to dismiss an indictment under Fed. R. Crim. P. 12(b) should be granted is "contingent upon whether the infirmity in the prosecution is essentially one of law or involves determination of fact." *United States v. Korn*, 557 F.2d 1089, 1090 (5th Cir.1977) (quoting *United States v. Miller*, 491 F.2d 638, 647 (5th Cir.1974)). A court cannot dismiss an indictment "on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (citing *Korn*, 557 F.2d at 1090-91). This Court lacks the authority "to dismiss [an indictment] on the basis of a sufficiency-of-the-evidence defense which raises

1

factual questions embraced in the general issue." *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) (quoting *United States v. Brown*, 481 F.2d 1035, 1041 (8th Cir. 1973)).

18 U.S.C. § 2251(a) and (e) make it a crime to use or attempt to use a minor to "engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . ." "Sexually explicit conduct" is defined as, *inter alia*, a "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. C 2256(2)(A)(v). A "lascivious exhibition" is "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." *United States v. Steen*, 634 F.3d 822, 828 (5th Cir. 2011) (quoting *United States v. Grimes*, 244 F.3d 375, 381 (5th Cir. 2001)). Courts often use the six factors enumerated in *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), to determine whether a depiction is lascivious. *United States v. McCall*, 833 F.3d 560, 563 (5th Cir. 2016) (citing *Steen*, 634 F.3d at 826). Those factors are:

> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
>
> 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
> 4) whether the child is fully or partially clothed, or nude;
>
> 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; [and]
>
> 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Id.* However, this list is "not exhaustive and no one factor is dispositive." *Id.*

Wilbanks argues that in light of *Steen*, the videos he is accused of taking are legally insufficient to qualify as "lascivious exhibitions." In *Steen*, the Fifth Circuit reversed a conviction under § 2251(a) on the grounds that the defendant's surreptitious recording of a minor that incidentally contained nudity was not lascivious. 634 F.3d at 827-28. Here, Wilbanks argues that if that surreptitious recording that contained incidental nudity was not lascivious, then the videos he is accused of taking here—surreptitious recordings that contain no nudity—cannot be lascivious.

That is too broad a reading of *Steen*. "*Steen* did not adopt a special *per se* rule for surreptitious recording cases that requires an affirmative display or sexual act by a minor." *McCall*, 833 F.3d at 564. *Steen* concerned the reversal of a conviction, not the dismissal of an indictment, as Wilbanks moves for here.[1] Thus, the Fifth Circuit's holding revolved around numerous factual issues that were developed at trial. The Fifth Circuit reversed the conviction because there was insufficient evidence presented at trial to show that the defendant created a video that brought attention to the minor's genitals in order to elicit a sexual response. The Fifth Circuit noted that the minor's pubic area was not in focus and featured very little in the video. 634 F.3d at 827 ("First the focal point of the visual depiction is not on C.B.'s genitalia or pubic area. Her pubic region is only visible for about 1.5 seconds. Moreover, the film did not accent the pubic area—to the contrary, the brief seconds the pubic region is visible, it is on the far side of the image's frame.") The Fifth Circuit also noted that there was no other evidence to indicate that the defendant was sexually attracted to minors or intentionally set out to film a nude minor. As the Fifth Circuit later explained of *Steen*:

> In addition to the video, we considered the other videos on the defendant's camera, which did not feature minors; the contents of his

---

[1] Wilbanks asserts that *Steen*'s reasoning extends to a motion to dismiss an indictment because the Fifth Circuit stated that "the case should not have gone to the jury." 634 F.3d at 828. However, a case proceeding to trial and a case being submitted to the jury are two separate things. The *Steen* Court made no indication that the defendant should never have been indicted at all.

3

> computer, which revealed only adult pornography; that he did not position or direct the victim to expose her genitals; that he did not upload the specific video to his computer or attempt to distribute it; and his lack of criminal history. Those factors showed that the defendant at most intended to excite the viewer based on voyeurism, not the display of a minor's genitals.

*United States v. Barry*, 634 F. App'x 407, 414 (5th Cir. 2015) (citing *Steen*, 634 F.3d at 825, 828).

Wilbanks does not address the fact that he is not only charged with a completed violation of § 2251(a) but also with an attempted violation under subsection (e). Whether the videos are actually lascivious is irrelevant to whether a defendant has attempted a violation of § 2251(a); the only question is whether or not he was "trying to produce a visual depiction of their naked forms . . . intending to elicit a sexual response." *United States v. Johnson*, 639 F.3d 433, 439 (8th Cir. 2011). The Court cannot determine what Wilbanks intended without hearing the evidence. For that reason alone, the motion should be denied.

Further, Wilbanks' argument towards the completed crime also requires the consideration of evidence presented at trial. To determine whether a depiction is lascivious requires analyzing both what the depiction contains and whether the creator intended to elicit a sexual response out of the depiction. Those findings must be drawn from evidence presented at trial. "The court 'simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be.'" *United States v. Mata-Lara*, 527 F. Supp. 2d 887, 892 (N.D. Iowa 2007) (quoting *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001)). Rather, the Court must allow the government "to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal." *Id.* Accordingly, the motion to dismiss the indictment should be denied.

An order in accordance with this opinion shall issue.

This, the 21 day of June, 2018.

/s/ *[signature]*
SENIOR U.S. DISTRICT JUDGE